IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: JOANNE COMERO | : | Chapter 7 |
| | : | |
| Debtor | : | No. 13-11771 |
| | : | |
| SHEILA & AJAY JANI | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | Adv. Pro. No. |
| | : | |
| JOANNE COMERO | : | |
| Defendant | : | |

<u>COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §523</u>

Sheila & Ajay Jani, the above mentioned Plaintiffs, bring this adversary proceedings pursuant to Fed. R. Bankr. P. 7001 to determine the dischargeability of debt and objecting to the discharge pursuant to 11 U.S.C. § 523 (the "Complaint") and alleges as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

2. This adversary proceeding constitutes a core proceeding pursuant to 18 U.S.C. §157(b)(2) (A),(I)&(J).

3. This District is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

4. Debtor filed a Chapter 7 voluntary bankruptcy petition on February 28, 2013.

5. Plaintiffs have an address of 3210 Nash Road, Reading,

PA 19608.

6. Defendant Joanne Comero is an adult individual who resides at 98 Meetinghouse Lane, Springfield, PA 19064.

7. Michael H. Kaliner was appointed on March 13, 2013 as Chapter 7 Trustee and still acts in that capacity.

8. A 341(a) Creditors Meeting was held and concluded on April 2, 2013.

### COUNT I - 11 USC §523(a)(2)(A)

9. Paragraphs 1 through 8 are incorporated herein as though fully set forth.

10. Plaintiffs own real property located at 44 Pleasant Hill Dr., Glen Mills, PA 19342 ("Property").

11. Plaintiffs, Defendant, and Perry Panacoio ("Panacoio") entered into a rental agreement whereby Plaintiffs would lease the Property to Defendant and Panacoio. Attached hereto and made a part hereof, marked as Exhibit "A", is a true and correct copy of the parties agreement.

12. In addition, Defendant completed an application to rent the Property from Plaintiffs. Attached hereto and made a part hereof, marked as Exhibit "B", is a true and correct copy of said application.

13. Defendant advised, knowing it was a false statement or representation or actual fraud, that both Defendant and Panaccio were moving into the Property.

14. Defendant advised that she had a sick relative who

Defendant was going to help while knowing said statement was not true.

15. Information contained in the application was false and/or misleading.

16. Oral statements made by Debtor were false.

17. Plaintiffs reasonably relied upon said information.

18. The Debt owed to Plaintiffs in the amount of Twenty Six Thousand Five Hundred Twenty Six Dollars and Sixty Four Cents ($26,526.64) by Debtor is based on the conduct described in 11 U.S.C. §523(a)(2)(A) and is not dischargeable.

## COUNT II - 11 U.S.C. §523(a)(2)(B)

19. Paragraphs 1 through 18 are incorporated herein as though fully set forth.

20. Defendant's written statements were materially false with respect to her and/or Perry Panacoio's financial condition.

21. Plaintiffs relied upon said statements which induced them to rent the Property to Defendant and Panacoio.

22. Debtor caused to be made or published with intent to deceive the information contained in the application along with any other written information provided by Debtor or Panacoio.

23. The Debt owed to Plaintiffs by Debtor in the amount of Twenty Six Thousand Five Hundred Twenty Six Dollars and Sixty Four Cents ($26,526.64) is based on the conduct described in 11 U.S.C. §523(a)(2)(B) and is not dischargeable.

## COUNT II - 11 U.S.C. §523(a)(6)

24. Paragraphs 1 through 23 are incorporated herein as though fully set forth.

25. Debtor and co-signor signed a rental agreement with Plaintiffs attached to this Complaint as Exhibit "A".

26. Plaintiffs sustained damage to the property in question when it was rented by Debtor and the co-signor of the parties lease agreement.

27. The damage to Plaintiff's property could only have been done with reckless abandon and/or the intent to damage Plaintiff's property.

WHEREFORE, The debt owed to Plaintiffs by Debtor for damages to Plaintiff's property in the amount of Three Thousand Nine Hundred Eight Dollars ($3,908.00) is based on the conduct described in 11 U.S.C. §523(a)(6) and is not dischargeable.

WHEREFORE, Plaintiffs requests that this Honorable Court enter an Order that the debt owed to Plaintiffs from Defendant are not dischargeable pursuant to 11 U.S.C. 523(a)(2)(A), 523(a)(2)(B) and 523(a)(6) and Order any further relief as is just including reasonable costs and attorney fees.

_____
Robert H. Holber, Esquire
Law Office of Robert H. Holber, P.C.
41 East Front Street
Media, PA 19063
(610) 565-5463
rholber@holber.com

Counsel for Plaintiffs