IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JOANNE COMERO | : | Chapter 7 |
| | : | |
| Debtor | : | Bankruptcy No. 13-11771 |
| | : | Adversary No. 13-00321 |

### ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT.

Joanne Comero, Filed, this answer to Sheila and Ajay Jani's complaint to determine dischargeability of debt pursuant to 11 U.S.C. §523 as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted

5. The debtor has no information as to the truth or falsity of the averments of paragraph 5. Strict proof thereof is required at trial if relevant to this action.

6. Admitted.

7. Admitted.

8. Admitted.

### Count I

9. Paragraphs 1 through 8 of this answer are incorporated herein by reference as though fully set forth.

10. Paragraph 10 of the complaint sets forth facts which are currently unknown to debtor. The same are therefore denied and proof is required at trial if relevant.



11. Denied. Debtor has at no relevant time had a rental agreement with plaintiffs for the property named in plaintiff's complaint or any other property. It is specifically denied that the document attached to plaintiff's complaint as Exhibit "A" represents any agreement between debtor and plaintiff as said document was never signed by debtor.

12. Admitted in part. It is admitted that debtor completed an application to rent property to plaintiffs. With respect to the document attached to the complaint as Exhibit "B", said document, being a writing speaks for itself and any characterization inconsistent therewith are specifically denied.

13. Denied. At no time did defendant advise that she would be moving into the property which is the subject of plaintiff's complaint, nor did debtor ever sign an agreement to rent such property, nor did debtor ever reside in such property.

14. Denied for the reasons set forth in the foregoing paragraph.

15. Denied. Strict proof is required at trial if relevant to this proceeding. At no time did debtor enter into any lease agreement with plaintiffs as stated hereinabove.

16. Denied a foresaid.

17. Denied for the reasons set forth in the foregoing paragraphs.

18. It is denied that debtor owes any money to plaintiffs for reasons set forth in the foregoing paragraphs. By way of further answer, paragraph 18 of the complaint sets forth a legal conclusion to which no answer is required.

## Count II

19. The averments of paragraphs 1 through 18 of this answer are incorporated by reference thereto as though fully set forth herein.

20. Denied as aforesaid.

21. Denied as aforesaid.

22. Denied for the reasons set forth in the foregoing paragraphs. Debtor at no time signed any rental agreement for any property with plaintiffs as aforesaid.

23. It is denied that debtor owes any money to plaintiffs for reasons set forth in the foregoing paragraphs. By way of further answer, paragraph 18 of the complaint sets forth a legal conclusion to which no answer is required.

### COUNT III (Misnomered as Count II in the Complaint)

24. Paragraphs 1 through 23 of this answer are incorporated herein as though fully set forth.

25. Denied for the reasons set forth in the foregoing paragraphs. Debtor at no time signed any rental agreement for any property with plaintiffs as aforesaid.

26. The averments of paragraph 26 of the complaint are unknown to debtor. Strict proof thereof is required at trial if relevant to this action.

27. Denied for the foregoing reasons. By way of further answer, the mental state of anyone causing damage to plaintiffs' property is unknown to debtor and strict proof is required at trial if relevant to this action.

**WHEREFORE**, Debtor demands judgment in her favor and against plaintiffs and respectfully requests that the Court dismiss plaintiffs' complaint with prejudice.

Respectfully Submitted,

*/s/ Joanne Camero*

Joanne Camero
98 Meetinghouse Lane
Springfield, PA 19064

(610) 457-8247

Dated: 10-3-13